110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gregory-X HAMILTON, Plaintiff-Appellant,
v.
VILGOS, Chaplain; Dirk Denbeste, Defendants-Appellees.
 No. 96-1525.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1997.
 
 1
 Before: MERRITT and BOGGS, Circuit Judges; BECKWITH, District Judge.*
 
 ORDER
 
 2
 Gregory-X Hamilton, a Michigan prisoner proceeding pro se, appeals a district court judgment granting summary judgment to the defendants in his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking $35,000 from each defendant, Hamilton sued the chaplain (Vilgos) and counselor (DenBeste) at Baraga Maximum Correctional Facility for allegedly violating his constitutional rights to freedom of religion, due process, and equal protection. He claimed that the defendants wrongfully rejected two audiocassettes containing a speech by Louis Farrakhan that he had ordered from a Nation of Islam publisher. The defendants filed a motion for summary judgment, supported by affidavits and other exhibits, tending to show that the tapes, entitled "The Origin of the White Race: the Making of the Devil," were rejected because the second tape included a statement advocating the elimination of the white race. The tapes had been found to violate a prison policy against items that advocated racial supremacy and were likely to incite violence. Following an administrative hearing that upheld the tapes' rejection, Hamilton elected to mail the offending tapes out of the prison rather than have them destroyed. Two other tapes, ordered from the same publisher at the same time, had been duly delivered to Hamilton after screening.
 
 
 4
 In a report filed on November 15, 1995, a magistrate judge recommended that the defendants' motion for summary judgment be granted as to Hamilton's due process and equal protection claims, but that it be denied as to his freedom of religion claim. The district court, upon de novo consideration, concluded that the defendants were entitled to summary judgment on all three claims. The district court agreed with the magistrate judge that Hamilton's due process claim was meritless because, contrary to Hamilton's assertion, defendant DenBeste had not been involved in the initial rejection of the audiotapes and became involved in the matter only as the hearings investigator. The court further found that Hamilton had received all the process to which he was due under Procunier v. Martinez, 416 U.S. 396 (1974). The district court also agreed that Hamilton's equal protection claim included only conclusory statements and that the evidence failed to establish an equal protection violation. However, the district court rejected the magistrate judge's recommendation regarding Hamilton's First Amendment claim. The district court determined that the audiocassettes were rejected in a proper exercise of discretionary authority because they undisputably advocated the elimination of an entire race and that, "given the racial tensions known to exist in state prisons, it can hardly be denied that the rhetoric identified by Vilgos is inflammatory and likely to incite unrest." A separate judgment was filed on March 14 and entered on March 18, 1996.
 
 
 5
 On appeal, Hamilton contends that the district court should have granted discovery, there was no clear proof that the tapes would incite violence, and the judge ruled out of personal feelings. In addition, he raises new arguments that the vendor was not notified of the tapes' rejection, the hearing was not timely held, and other religious or anti-religious tapes are not screened.
 
 
 6
 Upon review, we affirm the district court's judgment because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995). This court reviews an order granting summary judgment de novo, using the same test as used by the district court. Id.
 
 
 7
 Hamilton did not present to the district court his issues relating to the alleged failure to notify the vendor, untimely hearing, and unequal treatment of other religious tapes. Unless exceptional circumstances are present, this court normally will not address an issue not first raised in the district court. See Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway, 46 F.3d 1392, 1398-99 (6th Cir.1995). There are no exceptional circumstances present in this case.
 
 
 8
 Hamilton first argues on appeal that the district court should have granted him discovery on the ground that firsthand knowledge of the tapes' content was necessary to properly counter the defendants' motion. While summary judgment should not be granted before the parties are given adequate time for discovery, Fed.R.Civ.P. 56(f); White's Landing Fisheries, Inc. v. Buchholzer, 29 F.3d 229, 231-32 (6th Cir.1994), a grant of summary judgment should not be reversed because a party claims it received inadequate time for discovery absent a clear abuse of discretion. See Gordon v. Barnes Pumps, Inc., 999 F.2d 133, 138 (6th Cir.1993); Wolotsky v. Huhn, 960 F.2d 1331, 1338 (6th Cir.1992). The district court did not abuse its discretion in this case. There is no indication in the record that Hamilton ever actually requested discovery during the course of this action from either the defendants or the district court.
 
 
 9
 Hamilton next claimed that there was no clear proof that the tapes would incite violence. It is difficult to imagine how the defendants could have proved that the tapes would incite violence without allowing Hamilton to have them and, thereby, actually risking the violence. However, the district court did not err in concluding that items advocating the elimination of one race would likely add to racial tensions in Michigan's prisons.
 
 
 10
 Hamilton's final assertion on appeal, that the district judge ruled out of personal bias as a member of the Caucasian race instead of according to the facts and law, is wholly conclusory and totally meritless. To the contrary, the judge properly found that there was no genuine issue of material fact as to any of Hamilton's claims and that the defendants were entitled to judgment as a matter of law for the reasons stated in his memorandum opinion.
 
 
 11
 Accordingly, the district court's judgment, entered on March 18, 1996, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation